McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:06-CV-01316-OWW-SMS |
| Plaintiff, | |
| v. | **FINAL JUDGMENT OF FORFEITURE** |
| APPROXIMATELY $8,700.00 IN U.S. CURRENCY, and | |
| 2005 FORD F-150, VIN: 1FTRW12W45KC18192, LICENSE NO. 7V58581 | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.      This is a civil forfeiture action against defendants approximately $8,700.00 in U.S. Currency (hereafter "defendant currency") and 2005 Ford F-150, VIN: 1FTRW12W45KC18192, License No. 7V58581 (hereafter "defendant vehicle").

2.      A Verified Complaint for Forfeiture *In Rem* was filed on September 20, 2006, seeking the forfeiture of the defendant currency and defendant vehicle, alleging said currency and vehicle are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency and defendant vehicle constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more

1   violations of 21 U.S.C. § 841 *et seq*.

2       3.      On September 20, 2006, in accordance with said Complaint, a Warrant for Arrest for

3   the defendant currency and defendant vehicle was issued and duly executed on September 27, 2006,

4   and October 4, 2006, respectively.

5       4.      On October 25, November 1, 8, and 15, 2006, a Public Notice of Arrest of the

6   defendant currency and defendant vehicle appeared by publication in the *Business Journal*, a

7   newspaper of general circulation in the county in which the defendant currency and defendant

8   vehicle were seized (Fresno County).  The Declaration of Publication was filed with the Court on

9   December 1, 2006.

10      5.      In addition to the Public Notice of Arrest having been completed, actual notice was

11  personally served upon Jose Rangel Jimenez and by certified mail to Salvador Bravo Aguirre and

12  Interinsurance Exchange Automobile Club.  Additionally, attorney Richard G. Cenci accepted

13  service by certified mail on behalf of Corina Viramontes Sanchez and Jacqueline Serrano.  Claimant

14  Corina Viramontes Sanchez filed a claim and answer in this action.  No other parties have filed

15  claims or answers in this matter, and the time for which any person or entity may file a claim and

16  answer has expired.

17      6.      The Clerk of the Court entered Clerk's Certificates of Entry of Default against Jose

18  Rangel Jimenez, Interinsurance Exchange Automobile Club, and Salvador Bravo Aguirre on January

19  7, 2007, and against Jacqueline Serrano on January 23, 2007.  Pursuant to Local Rule A-540, the

20  United States and Claimant Corina Viramontes Sanchez thus join in a request that as part of this

21  Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests, if

22  any, of Jose Rangel Jimenez, Interinsurance Exchange Automobile Club, Salvador Bravo Aguirre,

23  and Jacqueline Serrano.

24      7.      Claimant Corina Viramontes Sanchez represents and warrants that she is the sole

25  owner of the defendant currency and defendant vehicle.

26      Based on the above findings, and the files and records of the Court, it is hereby

27      ORDERED AND ADJUDGED:

28      1.      The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and

between the parties to this action.

2.    Judgment is hereby entered against Claimant Corina Viramontes Sanchez, Jose Rangel Jimenez, Interinsurance Exchange Automobile Club, Salvador Bravo Aguirre, Jacqueline Serrano, and all other potential claimants who have not filed claims in this action.

3.    Upon entry of a Final Judgment of Forfeiture, the defendant approximately $8,700.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4.    Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, the defendant 2005 Ford F-150, VIN: 1FTRW12W45KC18192, License No. 7V58581, shall be returned to Claimant Corina Viramontes Sanchez, 116 East Lemon, Fresno, California 93706.

5.    Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency and defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

6.    There was reasonable cause for the seizure and arrest of the defendant currency and

///
///
///
///
///
///
///
///
///

1  defendant vehicle, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be

2  entered accordingly.

3         7.    All parties shall bear their own costs and attorneys' fees.

4        SO ORDERED THIS   1st   day of   October           , 2008.

5

6                           /s/ OLIVER W. WANGER

7                          OLIVER W. WANGER
                        United States District Judge

8

9                  CERTIFICATE OF REASONABLE CAUSE

10        Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed September

11  20, 2006, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this

12  Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for

13  the seizure and arrest of the defendant currency and defendant vehicle.

14  Dated:   10/1/2008           /s/ OLIVER W. WANGER

15                          OLIVER W. WANGER
                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28